UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                                           :

**MUHARREM BALKANLI**,

                           Plaintiff,

              – against –

**VENTICARR RENZO, MELINDA KATZ, NATASHA LEVI, and CITY OF NEW YORK**,

                           Defendants.
------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

24-CV-7166 (AMD) (LB)

**ANN M. DONNELLY**, United States District Judge:

The *pro se* plaintiff, who is detained at the Mid-Hudson Forensic Psychiatric Center, brings this action asserting claims arising from a Queens, New York arrest.[1] The plaintiff's request to waive the filing fee is granted pursuant to 28 U.S.C. § 1915. All claims are dismissed except the plaintiff's 42 U.S.C. § 1983 claim against Defendant Renzo.

The plaintiff alleges that Officer Venticarr Renzo "deprived [him] of [his] rights under color of law" when he arrested the plaintiff on December 31, 2023, in Queens, New York. (ECF No. 1 at 4.) In addition to Officer Renzo, the plaintiff brings claims against Queens County District Attorney Melinda Katz, Queens County Assistant District Attorney ("ADA") Natasha Levi, and the City of New York. He also alleges that defendant Renzo "unlawfully forged upon [his] name and kidnapped [him] by detaining [him] in the custody of the New York police department." (*Id.*) Finally, he claims that the prosecutors and the City of New York "unlawfully imprison[ed]" him. (*Id.* at 5.) He seeks damages for the "loss of liberty [and] property." (*Id.*)

---

[1] The plaintiff originally filed the action in the United States District Court for the Southern District of New York, which transferred it to this Court on September 30, 2024.

**LEGAL STANDARD**

A complaint must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Because the plaintiff is proceeding *pro se*, the Court reads his complaint liberally and interprets it to raise the strongest arguments it suggests. *See, e.g., Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

The Prison Litigation Reform Act requires courts to screen civil complaints brought by incarcerated[2] people against government entities, officers, or employees. *See* 28 U.S.C. § 1915A. Under the PLRA, a court must dismiss a plaintiff's complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Likewise, a district court must dismiss an *in forma pauperis* action if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**DISCUSSION**

The Court liberally construes the complaint as arising under 42 U.S.C. § 1983. Section 1983 "provides 'a method for vindicating federal rights elsewhere conferred,' including under

---

[2] The plaintiff states that he is "incarcerated" at Mid-Hudson Forensic Psychiatric Center. *See* ECF No. 2 at 1, 3 at 1; *see also*, *Gibson v. City Municipality of New York,* 692 F.3d 198, 199 (2d Cir. 2012) (per curiam) ("[A] person who has been charged with a crime and is being held prior to trial under a temporary order of observation at a mental health institution, pursuant to New York state law, is a 'prisoner' within the meaning of the Prison Litigation Reform Act.")

2

the Constitution." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To sustain a claim brought under Section 1983, "[t]he conduct at issue 'must have been committed by a person acting under color of state law' and 'must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Id.* (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). As explained below, the complaint does not state a plausible claim for relief against defendants Levi, Katz, and the City of New York.

## I. Municipal Liability

To sustain a claim for relief under § 1983 against a municipal defendant like the City of New York, a plaintiff must show that municipal policymakers have adopted an official policy or custom and that there is a direct causal connection between that policy or custom and the deprivation of a constitutional right. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978); *Hu v. City of New York*, 927 F.3d 81, 104 (2d Cir. 2019). In this case, the plaintiff does not allege, and nothing in his complaint suggests, that the City employees' allegedly wrongful acts or omissions are attributable to a municipal policy or custom, or that any policy led to a constitutional deprivation. Therefore, the plaintiff has not made the required showing under *Monell*, and the claim against the City is dismissed without prejudice. 28 U.S.C. § 1915A(b); 1915(e)(2)(B).

## II. Claims Against District Attorney Katz

A plaintiff must demonstrate that an individual defendant in a § 1983 case was personally involved in the actions that are alleged to have caused the deprivation of the plaintiff's constitutional rights. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013). Although the plaintiff names the Queens County District Attorney as a defendant, he does not assert that she was personally involved in the alleged deprivation of his civil rights. "[A]

3

defendant in a § 1983 action may not be held liable for damages for constitutional violations merely because [s]he held a high position of authority." *Black v. Coughlin,* 76 F.3d 72, 74 (2d Cir. 1996).

The only basis for the plaintiff's claim against Katz is that the charges were filed in Queens County and that the Queens County DA's Office was involved in prosecuting the plaintiff. This is not sufficient personal involvement. Liability under § 1983 cannot be generally imposed on a supervisor solely based on her position because there is no *respondeat superior* or vicarious liability under § 1983. *See, e.g., Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) ("[S]upervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on *respondeat superior*").

Even if Katz were personally involved in the decision to prosecute — and the plaintiff does not allege she was — prosecutors performing duties related to their prosecutorial function are protected by absolute immunity. Thus, the plaintiff cannot assert a § 1983 claim against the District Attorney in her individual capacity, arising from conduct related to her prosecutorial function. *See, e.g.*, *Burns v. Reed*, 500 U.S. 478, 486 (1991) ("[P]rosecutors are absolutely immune from liability under § 1983 for their conduct in initiating a prosecution and in presenting the State's case."); *Santulli v. Russello*, 519 Fed. Appx. 706, 711 (2d. Cir. 2013) ("It is well settled that a prosecutor is entitled to absolute immunity for acts undertaken pursuant to her traditional function as an advocate in the prosecutorial process.").

Additionally, the plaintiff's claim for monetary damages against Katz in her official capacity is barred by the Eleventh Amendment doctrine of sovereign immunity. *See Amaker v.*

*N.Y. State Dept. of Corr. Servs.*, 435 Fed. Appx. 52, 54 (2d Cir. 2011) (holding that a district attorney and an assistant district attorney "benefited from New York's Eleventh Amendment immunity against suit" because they were sued in their official capacities) (citing *Ying Jing Gan v. City of N.Y.*, 996 F.2d 522, 529 (2d Cir. 1993)); *Ying Jing Gan*, 996 F.2d at 529 ("To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state.").

Because the plaintiff has not sufficiently pled that Katz was personally involved in the alleged constitutional deprivations and because she is immune from suit, the plaintiff's claims against her are dismissed. 28 U.S.C. §§1915(e)(2)(B)(ii), (iii); § 1915A. Additionally, the claim is dismissed with prejudice because Katz is absolutely immune from suit and so any attempt to amend would be futile. *See, e.g.*, *Kneitel v. Schain*, No. 13-CV-0090, 2013 WL 395092, at *2 (E.D.N.Y. Jan. 29, 2013) (dismissing IFP claims with prejudice based on absolute immunity because any amendment would be futile).

### III.   Claims Against ADA Levi

For similar reasons, the plaintiff's claims against ADA Levi must be dismissed. As the Second Circuit has explained, "[t]he doctrine of absolute immunity applies broadly to shield a prosecutor from liability for money damages (but not injunctive relief) in a § 1983 lawsuit, even when the result may be that a wronged plaintiff is left without an immediate remedy." *Anilao v. Spota*, 27 F.4th 855, 863 (2d Cir. 2022) (citation omitted). Prosecutors enjoy "absolute immunity from § 1983 liability for those prosecutorial activities intimately associated with the judicial phase of the criminal process." *Id.* "The immunity covers virtually all acts, regardless of motivation, associated with the prosecutor's function as an advocate." *Id.* (internal quotation marks and citation omitted). The plaintiff's claim against ADA Levi relates to the plaintiff's

prosecution and seeks monetary damages, and therefore it is barred by absolute immunity. For the same reasons cited above, this claim is dismissed with prejudice.

## CONCLUSION

Accordingly, the plaintiff's 42 U.S.C. § 1983 claims against the defendants Katz and Levi are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A(b)(2); § 1915(e)(2)(B)(ii), (iii). No summons will issue as to these defendants and the Clerk of Court is directed to correct the caption to reflect their dismissal. The plaintiff's claims against the City of New York are dismissed without prejudice. In an excess of caution, the Court grants the plaintiff an opportunity to amend his complaint to add specific factual allegations in support of his claims against the City. If the plaintiff chooses to amend his complaint, he must file the amended complaint by December 13, 2024. The amended complaint will replace the original complaint. That is, the amended complaint must stand on its own without reference to the original complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order: 24-CV-7166 (AMD) (LB).

If the plaintiff does not amend his complaint with respect to the City by December 13, 2024, his 42 U.S.C. § 1983 claims will proceed against the remaining defendant, Officer Venticarr Renzo of the 114th precinct.

The Clerk of Court is directed to mail a copy of this Order to the plaintiff and note the mailing on the docket. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                     s/Ann M. Donnelly
                                             _____
                                             ANN M. DONNELLY
                                             United States District Judge

Dated:  Brooklyn, New York
          November 12, 2024