UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                                                                  :
**MUHARREM BALKANLI**,                                            :
                                                                  :
                                        Plaintiff,                :    **MEMORANDUM DECISION AND**
                                                                       **ORDER**
                                                                  :
                            – against –                           :    24-CV-7166 (AMD) (CHK)
                                                                  :
**RENZO BETANCUR**,                                               :
                                                                  :
                                        Defendant.                :
                                                                  :
---------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

On September 25, 2024, the *pro se* plaintiff brought this action against New York City

Police Department Officer Renzo Bentacur, Queens County District Attorney Melinda Katz,

Queens County Assistant District Attorney Natasha Levi, and the City of New York.  (ECF No.

1.)[1]  He asserted claims under 42 U.S.C. § 1983, arising from an arrest that occurred in Queens,

New York.  (*Id.*)[2]

---

[1] The plaintiff filed the action in the Southern District of New York.  (ECF No. 1.)  It was transferred to
this district on September 30, 2024.  (ECF No. 5.)

[2] To date, the plaintiff has initiated over 20 actions in this district.  *Balkanli v. Margolin*, No. 05-CV-2509
(E.D.N.Y. May 24, 2005); *Balkanli v. Upton*, No. 05-CV-2541 (E.D.N.Y. May 24, 2005); *Balkanli v.
John Doe and Jane Doe*, No. 05-CV-2619 (E.D.N.Y. May 31, 2005); *Balkanli v. Presidents & Vice
Presidents, Gen. and Exec. Officers of Verizon Wireless, Inc.*, No. 05-CV-2994 (E.D.N.Y. June 22,
2005); *Balkanli v. President & Vice President, Gen. and Exec. Officers of Asset Acceptance Cap. Corp.*,
No. 05-CV-3598 (E.D.N.Y. Aug. 1, 2005); *Balkanli v. Margolin*, 05-CV-3730 (E.D.N.Y. Aug. 5, 2005);
*Balkanli v. John Doe*, 05-CV-3823 (E.D.N.Y. Aug. 11, 2005); *Sunnyside Realty Corp. v. Arslan*, No.
07-CV-1825 (E.D.N.Y. May 3, 2007); *Balkanli v. City of New York*, No. 07-CV-2204 (E.D.N.Y. May
31, 2007); *Balkanli v. John and Jane Doe*, No. 09-CV-1519 (E.D.N.Y. Apr. 8, 2009); *Balkanli v. John
and Jane Doe Police Officers*, No. 09-CV-1518) (E.D.N.Y. Apr. 8, 2009); *Balkanli v. John and Jane
Doe*, No. 09-CV-1517 (E.D.N.Y. Apr. 8, 2009); *Balkanli v. City of New York*, No. 18-CV-2929
(E.D.N.Y. May 14, 2018); *Balkanli v. Pub. Storage*, No. 18-CV-2919 (E.D.N.Y. May 14, 2018);
*Balkanli v. Randazzo*, No. 18-CV-3747 (E.D.N.Y. June 27, 2018); *Balkanli v. Perna*, No. 18-CV-3748
(E.D.N.Y. June 27, 2018); *Balkanli v. United States*, No. 18-CV-3981 (E.D.N.Y. July 9, 2018); *Balkanli
v. United States*, No. 18-CV-4064 (E.D.N.Y. July 12, 2018); *Balkanli v. Brodie*, No. 18-CV-4178

On November 12, 2024, the Court dismissed the plaintiff's claims against the defendants Levi, Katz, and the City of New York, but gave him leave to amend his claims against the City. (ECF No. 8.)  The defendant Bentacur moved to dismiss the claims against him on December 15, 2025.  (ECF No. 27.)  On December 23, 2025, the plaintiff requested an extension of time to file an amended complaint, which Magistrate Judge Clay H. Kaminsky granted.  (ECF No. 32 at 1; *ECF Order dated Dec. 30, 2025*.)  At a January 27, 2026 conference, Judge Kaminsky directed the plaintiff to file his amended complaint by March 23, 2026.  (*ECF Minute Entry dated Jan. 27, 2026.*)  The plaintiff made a new filing on March 31, 2026, which was docketed as a related case.  *See Balkanli v. United States*, No. 26-CV-840.  In light of the plaintiff's *pro se* status, the Court construed it as the amended complaint in this case.  (*ECF Order dated Apr. 7, 2026.*)  The amended complaint includes additional claims against additional defendants.  (*See* ECF No. 59.)[3]

For the following reasons, the plaintiff's request to proceed *in forma pauperis* (ECF No. 2) is granted for purposes of this order, and his complaint is dismissed.

## BACKGROUND

The 183-page amended complaint is meandering, difficult to follow, and includes farfetched allegations.  For example, the plaintiff states that he has "sovereign diplomat status" under the 1796 Treaty of Tripoli, making him "immune from prosecution and or any apprehension."  (ECF No. 59 at 5.)  He says that in 2004, Thomas Pienkos, the former senior

---

(E.D.N.Y. July 20, 2018); *Balkanli v. Patronis*, No. 18-CV-4222 (E.D.N.Y. July 24, 2018); *Balkanli v. Bentacur*, No. 24-CV-7166 (E.D.N.Y. Oct. 9, 2024).  In addition, he has brough 32 cases in other districts.

[3] The plaintiff brings claims against the Court, apparently in connection with its decision in this case or in one of his previous actions.  As the Court advised the defendant when he named Chief Judge Margo K. Brodie as a defendant, judges have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities.  *Balkanli v. Brodie*, 18-CV-4178, 2018 WL 3862689, at *1–2 (E.D.N.Y. Aug. 14, 2018); *see also Mireles v. Waco*, 502 U.S. 9, 9–10 (1991); *Forrester v. White*, 484 U.S. 219, 225 (1988); *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009).

2

vice president for operations for the Trump Organization, crashed his truck into the plaintiff's wife's store.  (*Id.* at 50.)  He asserts that Turkish President Recep Tayyip Erdogan has a personal connection to the plaintiff's family and knows his oldest brother "well."  (*Id.* at 56.)  The plaintiff also claims to have a "client list" of "senators, federal judges, elite doctors, surgeons, governors, mayors, actors, singers . . . and stockbrokers, elite bankers, principals, CEO's" and descendants of John Quincy Adams, Alexander Hamilton, Benjamin Franklin, George Washinton, and Thomas Jefferson.  (*Id.* at 59.)  He claims that the defendants, to whom he refers as "treasonor pirate cats, leaches, freaks of nature, and/or oathbreakers," committed "trespass, trespass upon case, breach of contract, robbery, kidnapping, unlawful imprisonment, barratry, embezzlement, mail fraud, treason, perjury . . . torture, and more!"  (*Id.* at 2.)

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although "detailed factual allegations" are not required, a complaint that includes only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555; Fed. R. Civ. P. 8.  A complaint fails to state a claim "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citation modified).

Because the plaintiff is proceeding *pro se*, the Court construes his complaint liberally and evaluates it by "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), to raise "the strongest

3

arguments" that it suggests, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (citation modified); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, a district court has the inherent power to dismiss a case *sua sponte* if it determines that the action is frivolous. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363–364 (2d Cir. 2000).

## DISCUSSION

### I.      The Complaint is Frivolous

The plaintiff's complaint is frivolous. The "'factual contentions are clearly baseless,'" and the allegations 'are the product of delusion or fantasy.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (quoting *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir.1990)); *see also Mecca v. U.S. Gov't*, 232 F. App'x 66, 66–67 (2d Cir. 2007) (summary order) (affirming dismissal of complaint "replete with fantastic and delusional scenarios"). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). The plaintiff makes implausible claims about interactions with prominent figures, organizations and leaders. He also appears to assert "sovereign citizen" claims. *See United States v. Ulloa*, 511 F. App'x 105, 107 n.1 (2d Cir. 2013) ("[S]overeign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior. The FBI has labeled the sovereign citizens a domestic terrorist group."). "Theories presented by redemptionist and sovereign citizen adherents have not only been rejected by the courts, but also recognized as frivolous and a waste of court resources."

4

*Muhammad v. Smith*, No. 13-CV-760, 2014 WL 3670609, at \*2 (N.D.N.Y. July 23, 2014) (collecting cases).  Accordingly, the complaint must be dismissed.

Although a *pro se* plaintiff should ordinarily be given an opportunity to amend his complaint if "a liberal reading of the complaint gives any indication that a valid claim might be stated," *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation modified), the court need not allow amendment if it is clear from a plaintiff's submission that he cannot state a plausible claim for relief.  *See Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013) (finding that leave to amend is futile where "barriers to relief" for a plaintiff's claims "cannot be surmounted by reframing the complaint").  In this case, the Court gave the plaintiff one opportunity to amend his complaint, and he filed a complaint that is baseless.  Further amendment would be futile because there is no "rational theory to warrant granting leave." *Sowell v. Jeffries*, No. 18-CV-3395, 2018 WL 10879389, at \*2 (E.D.N.Y. June 13, 2018) (dismissing as frivolous the plaintiff's claims "that [her] personal computer, cellphone and car were hacked and that Congressman [Hakeem] Jeffries failed to take action when she complained to him").

## II.     Filing Injunction

To date, the plaintiff has filed 20 complaints in this District and 32 in other federal district courts.  In a July 23, 2018 order in a separate case, the Court advised the plaintiff that it "will not tolerate frivolous litigation," and that if he "persists in filing frivolous or vexatious actions, the Court may enter an Order barring the acceptance of any future *in forma pauperis* complaint for filing unless the plaintiff first obtains leave of the Court to do so." *Brodie*, 2018 WL 3862689, at \*2.  Chief Judge Margo K. Brodie issued a similar warning to the plaintiff on August 28, 2018 in another case. *Balkanli v. City of New York*, 18-CV-2929 (E.D.N.Y. Aug. 28, 2018), ECF No. 21.

Given the plaintiff's litigation history, he is ordered to show cause by written affirmation within thirty days of the entry of this order why he should not be barred from filing any future *in forma pauperis* actions in the Eastern District of New York without first obtaining permission from the Court to do so. If the plaintiff does not show cause within thirty days of the entry of this order or if his affirmation does not set forth good cause why an injunction should not be entered, he will be barred from filing any further *in forma pauperis* actions without first obtaining permission from the Court. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing 'vexatious, harassing or duplicative lawsuits,' courts may impose sanctions, including restrictions on future access to the judicial system." (citation modified)); *In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) ("With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints."); *Emrit v. Musk*, No. 25-CV-60, 2025 WL 307139, at *2 (E.D.N.Y. Jan. 27, 2025) (warning the plaintiff that the court may impose a filing injunction).

6

**CONCLUSION**

For the reasons set forth above, the complaint is dismissed with prejudice.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is respectfully directed to enter judgment consistent with the Order and close the case.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       April 9, 2026